Daly, J.
As the defendants in their written agreement expressly agreed to pay $127.50 for the safe which they ordered to be sent to them, and as the safe was sent and defendants refused to receive and pay for it, I cannot see any objection to the recovery of the price. The fact that it was also stipulated in the same written agreement that the title to the safe should not pass until the whole price was paid, cannot affect plaintiff’s right to recover upon the express agreement to pay, because the latter is an independent stipulation.
The fact that the price was to be paid in instalments, ten dollars down and ten dollars per month, does not effect the right of recovery. The same written agreement provides that all the instalments shall become due upon default in paying one; and the option given thereupon to the plaintiff to remove the safe does not cancel the obligation to pay them when they so become due.
It hardly seems necessary to cite authorities in support of the claim made by the plaintiff. The agreement to pay is enforceable in the same way that a promissory note would be, if the promise to pay for the safe had been contained in such an instrument, instead of in this contract. It would be no defense to the note to say that the vendors and vendees had expressly stipulated that the title to the safe should *663 not pass until the same was paid. Parties have the right to make any agreement they please, so long as they do ¡nothing in violation of law. They might have agreed that the possession as well as the title of the safe should be in plaintiff until the price was paid, and if there was an express agreement to pay the price it would be recoverable, because that would be the contract.
I am in favor of a re-argument or of permitting an appeal to the court of appeals.
Van Hoesen, J.. concurs.